THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LARRY HYCHE,<br><br>    Plaintiff,<br><br>    v.<br><br>EQUIFAX INFORMATION SERVICES, LLC;<br>EXPERIAN INFORMATION SOLUTION,<br>LLC; TRANS UNION, LLC; AND<br>NATIONSTAR MORTGAGE, LLC,<br><br>    Defendants. | Case No. 3:19-CV-02450<br><br>Hon. Sam R. Cummings |

**DEFENDANTS EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES LLC, AND TRANS UNION LLC'S BRIEF IN
SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE
ALTERNATIVE, TO STAY THE PROCEEDINGS**

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), and Trans Union LLC ("Trans Union" and, collectively, "Defendants") hereby file this brief in support of their motion for judgment on the pleadings or, in the alternative, to stay the proceedings. Defendants move to dismiss Plaintiff's Complaint in its entirety because Plaintiff fails to state a claim upon which relief can be granted. In the alternative, because the issue raised in Plaintiff's Complaint has been fully briefed and argued before the Fifth Circuit, the Court should stay this proceeding pending a decision in that matter.

## I.  INTRODUCTION

Plaintiff Larry Hyche ("Plaintiff") sued Defendants for allegedly failing to report certain information in his consumer report in violation of the Fair Credit Reporting Act ("FCRA"). Specifically, Plaintiff alleges that Defendants did not report his mortgage with Nationstar (the

"Account") on his consumer reports, even after submitting a dispute to each consumer reporting agency ("CRA") requesting the Account be added.  This allegation demonstrates Plaintiff's misunderstanding of the FCRA.

The FCRA imposes no obligation on CRAs, like Defendants, to report *all* accounts, or even certain accounts, for every consumer, and thus Defendants cannot be held liable for this omission.  Nationwide, courts and regulatory authorities concur that the FCRA governs only the information that CRAs *do* report—not, as Plaintiff alleges here, information that CRAs *do not* report.  Defendants cannot be held liable for a duty that does not exist.  Indeed, Your Honor dismissed a claim just last year alleging similar allegations in *Hammer v. Equifax Info. Servs. LLC, et al.*, No. 3:18-CV-1502-C, 2019 WL 7602463 (N.D. Tex. Jan. 16, 2019), *appeal docketed*, 19-10199 (5th Cir. filed Feb. 18, 2019).  The result should be no different here.  And, even more recently, a virtually identical case brought by the same lawyers related to the same mortgage lender was dismissed in the District of Minnesota.  *See Desautel v. Experian Info. Sols. LLC, et al.*, No. 19-CV-2836 (PJS/LIB), 2020 WL 2215736, at *3 (D. Minn. May 7, 2020).  Again, there is no reason the result should be any different here.  Because Plaintiff's claims necessarily fail, they must be dismissed.

Furthermore, the Complaint is devoid of any allegation that Plaintiff's consumer reports included inaccurate information, an essential element of proving a violation under Sections 1681e(b) and 1681i.  Plaintiff's only allegation—that Defendants did not report *any* information related to his Nationstar mortgage account—is on its face insufficient to allege an inaccuracy, and, therefore, Plaintiff's claims should be dismissed with prejudice.

## II.     BACKGROUND

In his Complaint, Plaintiff alleges that Defendants failed to report a "missing tradeline" – namely, Plaintiff's post-loan modification Nationstar mortgage tradeline. *See* Compl. ¶ 21. Plaintiff also alleges that he disputed the lack of reporting with regard to the Nationstar tradeline with each of the Defendants. Compl. ¶ 25.  After the dispute, Plaintiff alleges that the Defendants failed to "remedy the *missing tradeline* on Plaintiff's credit reports concerning the Nationstar mortgage account." Compl. ¶¶ 25, 56, 69, 82 (emphasis added).  Plaintiff alleges that, "[a]s a result, . . . Plaintiff suffered damages, including, but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials." Compl. ¶¶ 65, 70.

Plaintiff filed suit against Defendants on October 16, 2019. *See* Compl.  In the Complaint, Plaintiff brought claims against Defendants for willful and negligent violation of the FCRA pursuant to 15 U.S.C § 1681e(b) and 15 U.S.C § 1681i.  Compl. ¶¶ 48, 56, 61, 69, 74, 82.

## III.     STANDARD OF REVIEW

The Complaint against Defendants fails to assert a claim under the standard applied in deciding a Rule 12(c) motion for judgment on the pleadings—a standard that is identical to that for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Guidry v. Am. Public Life Ins., Co.*, 512 F.3d 177, 180 (5th Cir. 2007); *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). The motion to dismiss standard requires a plaintiff to plead facts sufficient to establish a claim that is plausible on its face. *Guidry*, 512 F.3d at 180 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). Conclusory allegations, legal conclusions, and "unwarranted factual inferences" will not survive a motion for judgment on the pleadings. *Gentilello*, 627 F.3d at 544 (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

## IV.   ARGUMENT

### A.   Plaintiff Has Not Pleaded a Claim Under § 1681e(b).

Plaintiff claims that Defendants willfully and negligently violated § 1681e(b) of the FCRA when they failed to report a Nationstar mortgage account on his consumer reports. That section of the FCRA requires that CRAs "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom" a consumer report relates. 15 U.S.C. § 1681e(b). Simply alleging that Defendants did not report an account on his consumer report that Plaintiff alleges exists, and wishes to have reported, does not sufficiently plead a failure to follow reasonable procedures in preparing consumer reports.

It is well established that CRAs are not required to report every account in existence regarding a consumer. This principle was recently affirmed by Your Honor in an order granting a motion to dismiss, where You held that "the FCRA does not impose, with sufficient certainty, an affirmative duty upon credit reporting agencies to report trade lines." *Hammer v. Equifax Info. Servs. LLC, et al.*, No. 3:18-CV-1502-C, 2019 WL 7602463 (N.D. Tex. Jan. 16, 2019), *appeal docketed*, 19-10199 (5th Cir. filed Feb. 18, 2019).[1] This principle was again crystallized by the District of Minnesota in a recent order granting a motion for judgment on the pleadings, where the Court held that "[a]s a general matter, a CRA has no obligation to include a tradeline on a credit report. Put differently, a credit report is not 'inaccurate' or 'materially misleading'

---

[1] The *Hammer* decision was appealed to the Fifth Circuit where it has been fully briefed and was argued on January 8, 2020.

4

simply because it does not mention a particular tradeline." *Desautel v. Experian Info. Sols. LLC, et al.*, No. 19-CV-2836 (PJS/LIB), 2020 WL 2215736, at *3 (D. Minn. May 7, 2020). Instead, a CRA's obligation under the FCRA is to accurately and completely report the tradelines it *does* report on a consumer's credit report.[2] *See Davis v. Equifax Info. Servs. LLC*, 346 F. Supp. 2d 1164, 1171 (N.D. Ala. 2004) ("The FCRA does not specifically require a reporting agency to affirmatively add credit data to a report."); *Aclys Int'l, LLC v. Equifax, Inc.*, No. 2:08-CV-00954, 2010 WL 1816248, at *3 (D. Utah May 5, 2010) ("[The] FCRA does not require credit reporting agencies to include all relevant information about an individual, only that the information present on a credit report be accurate."), *aff'd sub nom. Aclys Int'l v. Equifax*, 438 F. App'x 689 (10th Cir. 2011); *Swanson v. Central Bank & Trust Co.*, No. CIV.A. 5:03-255-JMH, 2005 WL 1719363, at *2 (E.D. Ky. July 14, 2005) (holding that because "the FCRA requires only that the information contained in a credit report be accurate," plaintiffs' claims "that their credit reports were incomplete and misleading because certain information was deleted" could not prevail); *Raffone v. Transunion*, No. HHDCV185049844S, 2018 WL 4038205, at *2 (Conn. Super. Ct. Aug. 8, 2018) (holding that no obligation to report an account exists under the FCRA where Plaintiff complained that "Experian failed to accurately report an account in good standing").

This somewhat obvious principle—that CRAs cannot be liable for accounts that they do *not* report—was also made plain by the Federal Trade Commission ("FTC"), the administrative agency formerly charged with enforcement of the FCRA.[3] The FTC specifically stated that "[c]onsumer reporting agencies are not required to include all existing or derogatory or favorable

---

[2] The FCRA does require CRAs to report certain information in public bankruptcy records and certain information related to child support obligations. *See* 15 U.S.C. §§ 1681c(d), 1681s-1(1)(A).

[3] In 2011, federal legislation transferred the authority to issue interpretive guidance under the FCRA to the Consumer Financial Protection Bureau ("CFPB"). *See FTC Issues Report: "Forty Years of Experience with the Fair Credit Reporting Act"* (2011), *available at* https://www.ftc.gov/news-events/press-releases/2011/07 /ftc-issuesreport-forty-years-experience-fair-credit -reporting.

5

information about a consumer in their reports." *Davis*, 346 F. Supp. 2d at 1172 (quoting Statements of General Policy or Interpretations Under the Fair Credit Reporting Act, 16 C.F.R., Subchapter F, Pt. 600, Appendix, pp. 492–519) (internal quotations omitted); *see also* Fed'l Trade Comm'n, 40 Years of Experience with the Fair Credit Reporting Act, at 67 (same); *Childress v. Experian Info. Sols., Inc.*, No. 1:12-cv-1529, 2014 WL 3740368, at *7 (S.D. Ind. July 30, 2014), and *Childress v. Experian Info. Sols., Inc.*, 790 F.3d 745, 748 (7th Cir. 2015) (explaining that it would be unreasonable to require a consumer reporting agency to report certain additional information that would have made the credit report "fully precise" and citing the FTC for the notion that "consumer reporting agencies are not required to include all existing or derogatory or favorable information about a consumer in their reports"); *Ray v. Equifax Info. Servs., LLC*, No. 1:04-CV-0482-JOF, 2008 WL 11322890, at *8 (N.D. Ga. Feb. 15, 2008) (plaintiff had "not met his burden of proving that Equifax created an inaccuracy by removing positive accounts" because "[c]onsumer reporting agencies are not required to include all existing or derogatory or favorable information about a consumer in their reports" (internal quotation marks omitted)).

In addition to failing to allege a failure to maintain reasonable procedures, the Complaint's reliance on the failure to report an account also amounts to a failure to allege the existence of an inaccuracy—also fatal to a claim under § 1681e(b). Courts within the Fifth Circuit have repeatedly held that in order to state a cause of action under Section 1681e(b) or Section 1681i, a plaintiff "must prove that [his] consumer reports included inaccurate information." *Norman v. Experian Info. Sols., Inc.*, No. 3:12-CV-128-B, 2013 WL 1774625, at *4 (N.D. Tex. Apr. 25, 2013) (citing *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000) ("In order to pursue a cause of action based upon a willful or negligent

violation of 15 U.S.C. § 1681e(b), the report sought to be attacked must be inaccurate."); *see also McDonald v. Equifax Inc.*, No. 3:15-CV-3212-B, 2017 WL 879224, at *6 (N.D. Tex. Mar. 6, 2017); *Saunders v. Equifax Info. Servs*. LLC, No. 16-CV-00525-LY, 2017 WL 3940942, at *4 (W.D. Tex. Aug. 3, 2017; *Waggoner v. Trans Union*, LLC, No. 302-cv-1494G, 2003 WL 22220668, at *6 (N.D. Tex. July 17, 2003); *Zala v. Trans Union, LLC*, No. CIV. A. 3:99-CV-0399, 2001 WL 210693, at *3 (N.D. Tex. Jan. 17, 2001). Here, Plaintiff disputes only the absence of information from his consumer reports—not the accuracy of information actually contained in the reports. This failure to allege that Defendants included inaccurate information in his consumer reports is fatal to his § 1681e(b) claim. As such, Plaintiff's Complaint should be dismissed with prejudice.

   **B.**  **Plaintiff Has Not Pleaded a Claim under § 1681i.**

Plaintiff also alleges that Defendants violated Section 1681i of the FCRA, which requires CRAs to conduct "reasonable reinvestigations" in response to disputes. 15 U.S.C. § 1681i(a)(1)(A). But Plaintiff's claims under that Section fail as well for a similar reason, as the duty to reinvestigate under Section 1681i extends only to information *actually included* in Plaintiff's consumer report. A CRA's duty to reinvestigate does not extend to information Plaintiff simply wants included in his credit file. *See Desautel*, 2020 WL 2215736, at *5 ("Section 1681i(a)(1)(A) requires a CRA to conduct a reasonable reinvestigation only when a consumer disputes 'the completeness or accuracy of any item of information *contained in a consumer's file* at a consumer reporting agency.' A CRA has no duty to reinvestigate the completeness or accuracy of information that is *not* contained in its file."). The plain language of Section 1681i(a)(1)(A) makes this clear and unambiguous. It provides that, "if the completeness or accuracy of any item of information *contained in a consumer's file* at a consumer reporting

7

agency is disputed by the consumer . . . the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate[.]" 15 U.S.C. § 1681i(a)(1)(A) (emphasis added). The account at issue was *not* contained in Plaintiff's credit file. Thus, the provision is simply inapplicable, Plaintiff has not plead a claim thereunder, and his Complaint should be dismissed with prejudice.

Further crystalizing this result, the statute actually limits CRAs to three options for handling disputed items of information: they can either "verif[y]," "delete," or "modify" them. 15 U.S.C. § 1681i(a)(5)(A), (i). There is no provision for "inserting" new items of information.[4] Unsurprisingly, the FTC is of the same opinion that Section 1681i does not govern disputes related to items not in a consumer's file. In guidance, it stated that "[a] CRA is not required to . . . add information about accounts not reflected in an existing file, because consumers may dispute only the completeness or accuracy of particular items of information in the file." Fed'l Trade Comm'n, 40 Years of Experience with the Fair Credit Reporting Act, at 76; *see also Peterson v. Equifax Info. Servs. LLC*, No. 1:16-CV-3528-WMR-LTW, 2018 WL 7348859, at *8 (N.D. Ga. Dec. 27, 2018) ("The FCRA does not require a consumer reporting agency to add new accounts at a consumer's request; the FCRA only allows consumers to dispute the accuracy or completeness of existing information in the credit file.").

In short, Section 1681i provides consumers the opportunity to dispute and request the correction of discrete items of information that already appear in their credit reports, not to decide what does and does not get included in their credit report. The plain language of Section

---

[4] The omission of the word "insert" as a reinvestigation response option takes on greater significance in light of the fact that Congress used the verb "reinsert" elsewhere in the same section to refer to adding items of information. *See, e.g.*, 15 U.S.C. § 1681i(a)(5)(B)(i) (describing "reinsert[ing]" information that had been "deleted" from the consumer's file because it was wrongly thought to be incomplete or inaccurate); *see also Allison Engine Co., Inc. v. United States ex rel. Sanders*, 553 U.S. 662, 671 (2008) (noting that Congress' omission of a term found elsewhere in the same Act is significant).

1681i, which allows consumers to dispute the "completeness or accuracy of any item of information"—not the absence of certain information or their credit history as a whole—supports this reading. As Section 1681i imposed no duty on Defendants to add the disputed account, Plaintiff's Section 1681i claim must fail for this additional reason.

Finally, Plaintiff's failure to allege the existence of an inaccuracy in his consumer reports, as detailed above, dooms his Section 1681i claim just as equally as it dooms his 1681e(b) claim, for courts are in agreement that an inaccuracy is required to trigger obligations under 1681i as well. *See Norman*, 2013 WL 1774625, at *4 (N.D. Tex. Apr. 25, 2013); *McDonald*, 2017 WL 879224, at *6 (N.D. Tex. Mar. 6, 2017). The 1681i claim should thus be dismissed for this reason as well.

### C. Plaintiff's Claim that Defendants Willfully Violated the FCRA Must Be Dismissed.

At a minimum, Plaintiff's claim that Defendants' alleged violations were willful must be dismissed. Willful violations of the FCRA include "not only knowing violations of a standard, but reckless ones as well." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007) (citations omitted). "A company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id*. at 69. Crucially, "[w]here . . . the statutory text and relevant court and agency guidance allow for more than one reasonable interpretation, it would defy history and current thinking to treat a defendant who merely adopts one such interpretation as a knowing or reckless violator. Congress could not have intended such a result for those who followed an interpretation that could reasonably have found support in the courts, whatever their subjective intent may have been." *Id*. at 70, n. 20.

9

As explained above, in the judgment of multiple courts, as well as persuasive regulatory authorities, Defendants have no duty to add accounts to a consumer file simply because the consumer would prefer that those accounts be included. Even supposing that Defendants' failure to add the Account to Plaintiff's credit file could support a claim under either Section 1681e(b) or Section 1681i, that failure cannot support a willful violation when CRAs' refusal to add accounts has been repeatedly upheld. Therefore, Plaintiff's claim for willful violations of the FCRA must be dismissed, with prejudice.

### D. In the Alternative, This Case Should be Stayed.

In the likely case that the *Hammer* decision is affirmed by the Fifth Circuit, it will mandate that this case should be dismissed as well. Defendants believe the law is already clear and that the Court should grant their Motion for Judgment on the Pleadings. However, should *Hammer* be affirmed, the law in this Circuit will be clear and this case must be dismissed.

Thus, should the Court not wish to entertain the Defendants' argument pending the Fifth Circuit's ruling, Defendants request that, in the alternative, the Court stay the case pending a resolution from the Fifth Circuit in *Hammer*. *See Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015) (A "court is within its discretion to grant a stay when a related case with substantially similar issues is pending before a court of appeals," but it must first consider the "interest of the parties and potential conservation of judicial resources.").

### V. CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings should be granted, and Plaintiff's Complaint should be dismissed in its entirety with prejudice as to Defendants. In the alternative, the case should at the very least be stayed.

Respectfully submitted May 18, 2020.

/s/ *Molly J. Russell*
Molly J. Russell
Texas Bar No. 24118518
mrussell@jonesday.com
Jones Day
2727 N. Harwood St.
Dallas, TX 75201
Telephone: (214) 969-5016
Facsimile: (214) 969-5100

*Counsel for Defendant Experian Information Solutions, Inc.*

/s/ *Anna K. Olin*
Anna K. Olin
State Bar No. 24102947
CLARK HILL STRASBURGER
901 Main Street, Suite 6000
Dallas, Texas 75202
Tel: (214) 651-4300 Telephone
Fax: (214) 651-4330
anna.olin@clarkhillstrasburger.com

*Attorney for Equifax Information Services LLC*

/s/ *Sarah Sublett*
Sarah Sublett
Texas State Bar No. 24062788
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
6900 Dallas Parkway, Ste. 800
Plano, TX 75024
Telephone: (214) 560-5450
Facsimile: (214) 871-2111
ssublett@qslwm.com

*Attorney for Trans Union LLC*

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 8, 2020 counsel for Experian conferred with Plaintiff's counsel. Plaintiff indicated that he does not oppose staying the present case pending a resolution of *Hammer v. Equifax Info. Servs. LLC, et al.*, No. 3:18-CV-1502-C, 2019 WL 7602463 (N.D. Tex. Jan. 16, 2019).

*/s/ Molly J. Russell*
Molly J. Russell

## CERTIFICATE OF SIGNATURE REQUIREMENTS

I hereby certify that counsel for Equifax Information Services LLC and Trans Union LLC have consented for their signatures to be included on this filing.

*/s/ Molly J. Russell*
Molly J. Russell

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2020, I caused the foregoing to be electronically filed with the clerk of court for the U.S. District Court for the Northern District of Texas, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, a true and correct copy of the foregoing instrument and all attachments.

*/s/ Molly J. Russell*
Molly J. Russell