## UNITED STATES DISTRICT COURT
## DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| LARRY HYCHE,<br><br>       Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTION, INC, TRANS UNION, LLC, and NATIONSTAR MORTGAGE, LLC,<br><br>     Defendants. | Case No.  3:19-cv-02450<br><br><br><br><br><br><br>Hon. Sam. R. Cummings |

**PLAINTIFF LARRY HYCHE'S BRIEF IN OPPOSITION TO DEFENDANTS EXPERIAN INFORMATION SOLUTION, INC., EQUIFAX INFORMATION SERVICES LLC, AND TRANS UNION LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, TO STAY THE PROCEEDINGS**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Larry Hyche ("Plaintiff" or "Hyche"), by and through counsel, files this Brief in Opposition to Defendants Experian Information Solutions, Inc. ("Experian" or "Defendant" or "Defendants"), Equifax Information Services LLC ("Equifax" or "Defendant" or "Defendants"), and Trans Union LLC's ("Trans Union" or "Defendant" or "Defendants") Motion for Judgement on the Pleadings or, in the alternative to stay the proceeding, and respectfully requests this Court properly deny Defendants' motion because Plaintiff has sufficiently pleaded his claims under the standard of a Fed. R. Civ. P. 12(c) motion.

**TABLE OF CONTENTS**

I.      SUMMARY ........................................................................................................5

II.     STANDARD UNDER FED. R. CIV. P. 12(c) ...............................................7

III.    ARGUMENTS AND AUTHORITIES............................................................8

    a.   Plaintiff's Credit Reports were Incomplete and Misleading, and by Either Measure Inaccurate Regarding the Nationstar Mortgage Account

        1.   Plaintiff's reports were inaccurate regarding Plaintiff's § 1681e(b) claims against the CRA Defendants for the Nationstar mortgage account.

        2.   Plaintiff's reports were inaccurate regarding Plaintiff's § 1681i(a) claims against the CRA Defendants for the Nationstar mortgage account and the CRA Defendants failed to perform a "reasonable" investigation.

           *a.   The reasonableness of the CRA's investigation is a question properly left for the trier of fact.*

    b.   Plaintiff has Pled Sufficient Allegations that he was Extensively Injured by Defendants' Willful Acts and Omissions, and therefore, Defendants Motion Should Be Denied

        1.   Plaintiff has pled the elements of a willful violation of § 1681e(b).

        2.   Plaintiff has pled the elements of a willful violation of § 1681i.

IV.     PRAYER ........................................................................................................21

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................8

*Bell Atl., Corp. v. Twombly*, 550 U.S. 544 (2007) ...............................................8

*Bryant v. TRW, Inc.*, 689 F.2d 72 (6th Cir. 1982) ...............................................16

*Clements v. Trans Union, LLC*, 2018 U.S. Dist. LEXIS 160931 (S.D. Tex. 2018) ................14

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000) ................................8

*Cortez v. Trans Union*, L.L.C., 617 F.3d 688 (3d Cir. 2010) ..................................17

*Cushman v. TransUnion Corp.*, 115 F.3d 220 (3rd Cir. 1997) ...............................16

*Diprinzio v. MBNA Am. Bank*, 2005 WL 2039175 (E.D. Pa. Aug. 24, 2005) ..........................13

*Doe v. Sterling Infosystems, Inc.*, 2015 U.S. Dist. LEXIS 188913 ............................... 11
*Geoffrion v. Nationstar Mortg. LLC*, 182 F. Supp. 3d 648 (E.D. Tex. 2016)................10, 14

*Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159 (4th Cir. 2016)............................................8

*Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009)........................ 10, 11

*Guidry v. American Public Life Insurance, Co.*, 512 F.3d 177 (5th Cir. 2007) ......................7

*Henson v. CSC Credit Services*, 29 F.3d 280 (7th Cir.).........................................17

*In re Katrina Canal Breaches Litig.*, 496 F.3d 191 (5th Cir. 2007) .........................................8

*Jones v. Greninger*, 188 F.3d 322 (5th Cir. 1999) ..................................................8

*Kilpakis v. JPMorgan Chase Fin. Co., L.L.C.*, 229 F. Supp. 3d 133 (E.D.N.Y. 2017)............12

*Koropoulos v. Credit Bureau, Inc.* 734 F.2d 37 (D.C. Cir. 1984)........................... 9, 10, 12

*Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F.Supp.2d 1330 (S.D. Fla. 2011) ....................16

*Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464 (5th Cir. 2004).........8

*McDonald v. OnPoint Cmty. Credit Union*, 2018 WL 2306681 (D. Or. Feb. 8, 2018) ...........11

*Morris v. Credit Bureau of Cincinnati*, 563 F. Supp. 962 (S.D. Ohio 1983) ..........................9

*Pinner v. Schmidt*, 805 F.2d 1258 (5th Cir. 1986) ..................................................9, 15

*Robinson v. EMC Mortg. Corp.*, 2013 WL 1245863 (N.D. Tex. Mar. 26, 2013) ...................17

*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007).................................... 17, 20, 21, 16

*Sapia v. Regency Motors*, 276 F.3d 747 (5th Cir. 2002) ........................................................18

*Seamans v. Temple University* 744 F.3d 853 (3d Cir. Pa. 2014) ............................................17

*Sepulvado v. CSC Credit Serv.*, 158 F.3d 890 (5th Cir. 1998) ........................................9, 11, 15

*Shaunfield v. Experian Info. Solutions, Inc.*, 991 F. Supp. 2d 786 (N.D. Tex. 2014) .............12

*Washington v. CSC Credit Servs.*, 199 F.3d 263 (5th Cir. 2000) ..............................................9

*Wenning v. On-Site Manager, Inc.*, 2016 WL 3538379 (S.D.N.Y. June 22, 2016) ................12

*Wharram v. Credit Services Inc.*, 2004 WL 1052970 (D. Minn. Mar. 12, 2004)................12, 18

*Wilson v. CARCO Grp., Inc.*, 518 F.3d 40 (D.C. Cir. 2008) .....................................................9

*Wright v. Experian Info. Solutions, Inc.*, 805 F.3d 1232 (10th Cir. 2015) ..............................16

**Statutes**

15 U.S.C. § 1681 .......................................................................................................................5

15 U.S.C. § 1681a(g) ................................................................................................................14

15 U.S.C. § 1681i............................................................................................... 14, 15, 16, 17, 19

15 U.S.C. § 1681e(b) ...........................................................................................................18, 19, 14

**Rules**

FED. R. CIV. P. 12(b)(6)...........................................................................................................7

FED. R. CIV. P. 12(c)...............................................................................................................7

**Other Authorities**

16 C.F.R. § 602.1(c)(3)(xviii)..................................................................................................13

*Cook, FTC Informal Staff Opinion Letter* (Apr. 22, 1977).....................................................16

Webster's Third New Int'l Dictionary 1189 (1981) ................................................................16

## I.     SUMMARY

Through the allegations listed in Plaintiff's Complaint, Plaintiff Larry Hyche has pled a claim for which relief can be granted under the Fair Credit Reporting Act ("FCRA"). In September 2005, Plaintiff secured a mortgage for his home at 1000 S. Aberdeen St., Chicago, IL 50543 with Citibank, N.A.[1] In 2006, Plaintiff refinanced this mortgage with HomEq Servicing Corporation.[2] On November 21, 2008, Plaintiff filed for Chapter 7 Bankruptcy; included in his debts to be discharged, Plaintiff listed the Nationstar mortgage account.[3] Plaintiff was discharged from his Bankruptcy in March 2009.[4] Sometime in 2009, Plaintiff's mortgage account was consigned, placed, sold, assigned or otherwise transferred to Defendant Nationstar for collection. Plaintiff continued to make timely payments to Defendant Nationstar thereafter and remained in the home.[5] On or about December 2015, Plaintiff and Defendant Nationstar entered into a Loan Modification Agreement on the mortgage account; that Agreement was executed in February 2016 and Plaintiff has continued to make timely payments since that time.[6]

From May – June 2019, Plaintiff received a copy of his credit report from each Defendant Credit Reporting Agency (collectively the "CRAs"), where he discovered that none of the Defendants were reporting the Nationstar Mortgage account.[7] This was incorrect because the loan was revitalized in November of 2015 with the parties' loan modification agreement, Plaintiff had been making payments since that time, and the account should have been reporting accurately on

---

[1] *See* ECF Doc. 1 at ¶ 10.
[2] *See* ECF Doc. 1 at ¶ 11.
[3] *See* ECF Doc. 1 at ¶ 13.
[4] *See* ECF Doc. 1 at ¶ 14.
[5] *See* ECF Doc. 1 at ¶ 12.
[6] *See* ECF Doc. 1 at ¶ 15; *see also Id.* at ¶ 16 (Exhibit A, Plaintiff's Payment History).
[7] *See* ECF Doc. 1 at ¶¶ 18 – 24.

his credit report. On or about June 10, 2019, Plaintiff disputed his credit report with the CRAs and Nationstar and requested each conduct a reasonable investigation into the accuracy of his Nationstar Mortgage not reporting on his credit report.[8] Plaintiff's letter specifically stated:

> "My Mr. Cooper Mortgage Account is not showing up on my credit report. This is inaccurate, and it needs to be added to my consumer file. Please note, this account used to be reporting on my consumer file, and it should be again. Please see the attached documents showing proof of my mortgage and statements showing proof of my payments."[9]

One by one, the Defendant CRAs responded to Plaintiff and failed to correct the Nationstar Mortgage inaccuracy not appearing on Plaintiff's credit report. Specifically, Equifax responded to Plaintiff on or about June 17, 2019, and indicated "the disputed item is not currently reporting on your credit file."[10] Experian replied to Plaintiff's dispute on two occasions. The first, on June 21, 2019, indicated that Experian could not honor Plaintiff's "request to place credit information into [his] credit report" because Experian "would be unable to verify or maintain [Plaintiff's provided] data."[11] Experian replied again on or about July 16, 2019, and indicated it was unable to place credit information on into Plaintiff's credit report.[12] Trans Union sent a letter to Plaintiff on June 18, 2019, which simply provided Plaintiff's credit report and instructions on how to dispute inaccurate information; there was no attempt to respond to Plaintiff's June 10, 2019 dispute.[13]

On or about June 18, 2019, Defendant Nationstar responded to Plaintiff's dispute and

---

[8] *See* ECF Doc. 1 at ¶ 25.
[9] *See* (Pl's Exhibit 1, Dispute Letters to the CRAs).
[10] *See* ECF Doc. 1 at ¶¶ 26 – 30; *see also* (Exhibit C, Equifax's June 17, 2019 Response Letter).
[11] *See* ECF Doc. 1 at ¶ 35.
[12] *See* ECF Doc. 1 at ¶¶ 35 – 37.
[13] *See* ECF Doc. 1 at ¶¶ 38 – 39

indicated that due to Plaintiff's Chapter 7 Bankruptcy discharge on March 10, 2009, it was unable to report Plaintiff's monthly installments to the credit reporting agencies as he was no longer liable for the debt.[14] Defendant Nationstar's June 18, 2019 letter failed to address Plaintiff's 2015 loan modification or consistent payments since that time.[15]

Plaintiff clearly provided a comprehensible dispute with documentation that provided sufficient information for Defendants to verify that Plaintiff's Nationstar Mortgage account was active and timely paid since the parties' loan modification in 2015. Defendants failed to lawfully reinvestigate his accounts per their duties under the FCRA. Due to the Defendants' action and inaction in violation of their duties under the FCRA, Plaintiff Hyche has been had issues securing auto-loans and credit cards, has been deterred from further attempts to secure a variety of credit, and has felt injury to his reputation, humiliation at credit denials, and a cloud of emotional distress. Left with no other choice, Plaintiff has filed this lawsuit against the CRA Defendants and Nationstar Mortgage LLC to seek recourse.

## II.    STANDARD UNDER FED. R. CIV. P. 12(c)

Rule 12(c) motions for judgment on the pleadings use a standard that is identical to that for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Guidry v. American Public Life Insurance, Co.*, 512 F.3d 177, 180 (5th Cir. 2007). When deciding a motion to dismiss, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To survive a motion to dismiss,

---

[14] *See* ECF Doc. 1 at ¶¶ 44 – 46
[15] *Id.*

7

"the plaintiff must plead enough facts to state a claim to relief that is plausible on its fact." *In re Katrina Canal Breaches Litig.*, 496 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In addition, "the court has discretion in determining whether legal conclusions stated as 'factual allegations' in the complaint are to be accepted as true." Id. at 570. When the well-pleaded facts are viewed in this light, dismissal is proper only where the plaintiff can prove no set of facts that would entitle him to relief. Id. at 553.

Additionally, a court may consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits…." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016); see also *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

### III.   ARGUMENTS AND AUTHORITIES

Plaintiff Hyche filed this lawsuit against the Defendant CRAs because they violated his rights under the FCRA, specifically violating §§1681e(b) and 1681i. The CRA Defendants' primary contention is that the FCRA does not impose an affirmative duty to report certain tradelines, nor does it require them to reinvestigate information not contained in Plaintiff's files. For those two reasons, Defendants conclude that Plaintiff has failed to plead a viable claim under the FCRA because the disputed information does not appear on Plaintiff's credit report. Defendants' swift conclusion is incorrect and amounts to the assertion they are not required to do

anything when asked to do verify and/or reinvestigate the accuracy of *missing* information on a consumer's credit report. For the reasons addressed below, Plaintiff has put forth sufficient allegations which would entitle him to relief under the FCRA. Accordingly, Plaintiff respectfully asks this Court to deny the CRA Defendants' motion for judgment on the pleadings.

## I. Plaintiff's Credit Reports were Incomplete and Misleading, and by Either Measure Inaccurate Regarding the Nationstar Mortgage Account

### a. Plaintiff's reports were inaccurate regarding Plaintiff's § 1681e(b) claims against the CRA Defendants for the Nationstar mortgage account.

To successfully plead a case under § 1681e(b), a plaintiff must plead that the credit report was inaccurate. *See Washington v. CSC Credit Servs.*, 199 F.3d 263, 267 n. 3 (5th Cir. 2000); *see also Morris v. Credit Bureau of Cincinnati*, 563 F. Supp. 962, 967 (S.D. Ohio 1983) ("In order to recover in this action plaintiff must prove . . . Defendant reported inaccurate information about the plaintiff"). Plaintiff has pled sufficient facts to support a claim that Plaintiff's credit report was inaccurate regarding his Nationstar mortgage account and thus has fulfilled this element.

FCRA at § 1681e(b) "imposes a duty of reasonable care in the preparation of a consumer report." *Pinner v. Schmidt*, 805 F.2d 1258, 1262 (5th Cir. 1986). The Fifth Circuit has recognized that a "credit entry may be 'inaccurate' within the meaning of the statute either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998); *see also Koropoulos v. Credit Bureau, Inc.*, 734 F.2d 37, 40 (D.C. Cir. 1984); *Wilson v. CARCO Grp., Inc.*, 518 F.3d 40, 42 (D.C. Cir. 2008). In other words, a credit report may be technically accurate, but still misleading in such a way that it can have an adverse credit effect. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009); *see also Koropoulos*, 734 F.2d at 40 ("Congress did not limit the Act's mandate to reasonable procedures to assure only

technical accuracy; to the contrary, the Act requires reasonable procedures to assure 'maximum accuracy'. . . [c]ertainly reports containing factually correct information that nonetheless mislead their readers are neither maximally accurate nor fair to the consumer who is the subject of the reports").

An omission of credit information that would mislead in such a way that it would negatively affect credit decisions—like failing to report Plaintiff's Mortgage account—is considered incomplete and misleading. The Fair Credit Reporting Act was enacted to impose the requirement "that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information *in a manner which is fair and equitable to the consumer*, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b) (emphasis added). Further, in reading the FCRA's requirement that agencies ensure the completeness of credit reports, courts are also required to interpret the FCRA liberally. *See Geoffrion v. Nationstar Mortg. LLC*, 182 F. Supp. 3d 648, 664 (E.D. Tex. 2016) ("[C]ourts construe remedial consumer-protection statutes liberally in order to best serve Congress' intent.") (Internal citations omitted)). Thus, Defendants' argument that there is no affirmative duty to report information in a consumer's credit report, where the law requires that information be reported in a consumer's credit report or it is incomplete and inaccurate, is wholly inconsistent with the central purpose of the FCRA. Indeed, Congress addressed incomplete credit reports during the FCRA's drafting as a distinct type of inaccuracy separate and apart from false or misleading information. *See Koropoulos,* 734 F.2d at 40 (Congressmen often used the words "accuracy" and "completeness" interchangeably during the congressional debates and hearings). Similarly, in *Sepulvado*, the Fifth Circuit made a clear distinction between an inaccurate credit report and an incomplete report. 158 F.3d at 895. The

*Sepulvado* court held that the report "*may have been incomplete*, but it was not, as the district court found, facially misleading or inaccurate when prepared." *Id.* In this holding, however, the *Sepulvado* court created a theory of liability based on incompleteness. *Id.* ("a truly extraordinary case would [even] justify liability on an incomplete, but not misleading, credit report."). Thus, while liability based on incompleteness without being misleading may be actionable, incompleteness that is also misleading clearly creates liability under *Sepulvado*. *Id.*

*Sepulvado* and the present matter track with cases in other circuits. In *Doe v. Sterling Infosystems, Inc.*, for example, the court also made clear that "a report missing pertinent information can be reasonably classified as both 'incomplete' (it is missing information) and 'inaccurate' (the missing information undermines its full accuracy)." 2015 U.S. Dist. LEXIS 188913, at *17 (C.D. Cal. Dec. 21, 2015). In the same way that a furnisher is held liable for failing to mark that an account is disputed because it is misleading, an omission of an entire credit entry is similarly misleading and much more impactful. *See Gorman*, 584 F.3d at 1163 ("such a rule . . . . contravenes the purpose of the FCRA, to protect against 'un-fair credit reporting methods'").

Contrary to Defendants' assertion, Courts have allowed claims where plaintiffs allege that information was materially misleading because it was incomplete; for instance, in *McDonald v. OnPoint Cmty. Credit Union*, the court denied the defendant's summary judgment motion as the FCRA allows for claims when a plaintiff alleged that "information was materially misleading because it was incomplete". 2018 WL 2306681, at *7 (D. Or. Feb. 8, 2018). Here, Plaintiff's credit reports only told part of the story in a materially misleading way: they portrayed a consumer with limited credit history and no mortgage, in direct contradiction of the truth laid out by the parties' loan modification agreement. *See Kilpakis v. JPMorgan Chase Fin. Co., L.L.C.*, 229 F. Supp. 3d 133, 142 (E.D.N.Y. 2017) ("information [that] told only part of the story" could be materially

misleading); *see also Wenning v. On-Site Manager, Inc.*, 2016 WL 3538379, at *12, n.18 (S.D.N.Y. June 22, 2016) (omission of mitigating information could be materially misleading).

Central to the issue before the Court, however, whether an omission renders a report inaccurate depends on whether the absence renders the report materially misleading. *See Koropoulos*, 734 F.2d at 45 (completeness required when information "so fundamental to the message the credit report conveys that it is reasonable to place a burden on the credit reporting agency to report" it). Plaintiff Hyche alleged in his complaint that his Nationstar Mortgage account was modified by agreement and continued to make payments since that time. The Nationstar Mortgage account should have been reporting on Plaintiff's credit report, reporting as "Current" and "Paid and/or Pays as agreed." Defendants' omission of Plaintiff's account was material and misleading, and courts have found under similar circumstances, such a failure to report certain information causes a consumer's credit report to be inaccurate. *See Shaunfield v. Experian Info. Solutions, Inc.*, 991 F. Supp. 2d 786 (N.D. Tex. 2014) (court held that when a consumer report erroneously showed the consumer had "no" or "limited credit history," it raised a reasonable inference that the CRA reported inaccurate information about the consumer); *see also Wharram v. Credit Services Inc.*, 02-CV-4853 (MJD/JGL), 2004 WL 1052970 (D. Minn. Mar. 12, 2004) ("Deleting the entire tradeline did not assure the maximum possible accuracy of information relating to [Plaintiff] because it failed to convey the positive credit history [Plaintiff] established with [mortgagee bank] prior to the instant dispute. Maximum accuracy, under the statute, applies equally to favorable information as it does to unfavorable information.").

Particularly, given the FCRA's mandate to "assure the maximum accuracy possible," the CRAs were bound when Plaintiff provided them documentation showing that he had an existing Nationstar Mortgage account and was current on its payments. The accuracy of consumer

reporting is not measured by consistency with a creditor's own internal records, but instead must be assessed by the true status of a debt. *See, e.g., Diprinzio v. MBNA Am. Bank*, 2005 WL 2039175 (E.D. Aug. 24, 2005). Here, the true status of Plaintiff's Nationstar mortgage account was that it was modified by agreement—and active.

Defendants' argument that a reporting agency is not required to affirmatively add credit data to a report depicts an overly broad view of Plaintiff's argument, let alone his dispute. Plaintiff is not advocating that a CRA has an affirmative duty to report *all* information concerning a consumer. It is Plaintiff's position, consistent with the FCRA, that when a credit reporting agency is provided with specific information by a consumer in his or her dispute to verify that existing information should be reporting on their credit report, and the agency refuses to do so, then the report is materially incomplete and misleading.

Defendants argue that they cannot possibly report everything about every consumer, and therefore Plaintiff does not state a claim for which relief can be granted. This case is not so broad; the information in dispute is Plaintiff's Nationstar Mortgage account, which Plaintiff provided information, and possibly Nationstar itself, that the account existed and was modified and current. However, the Defendants' nevertheless chose to not consider Plaintiff's information and not conduct a reasonable investigation into the accuracy of Plaintiff's credit report. In this instance, Defendants are believed to have previously included the account reported by Nationstar or the Mortgage Account's prior lender on prior credit reports, and then took the affirmative step to remove it. Thereafter, despite being told that the account existed and should have been reporting, the CRA Defendants refused to reinvestigate its accuracy. It must follow that the CRA Defendants are not ensuring the maximum possible accuracy within their credit reports, as is required by § 1681e(b). There can be no dispute that a credit report does not meet the standard of maximum

13

possible accuracy when an item that is being reported to a credit reporting agency is willfully suppressed from the consumer's report. This is exactly the type of conduct that the FCRA was enacted to prevent. To ensure the law operates to properly protect consumers, the Court should abide by a "broad interpretation" of the FCRA[16]; any ruling to the contrary would be unjust. Therefore, the reports were inaccurate, and Plaintiff has sufficiently alleged a claim under § 1681e(b) for the Nationstar mortgage account.

### b. Plaintiff's reports were inaccurate regarding Plaintiff's § 1681i(a) claims against the CRA Defendants for the Nationstar mortgage account and the CRA Defendants failed to perform a "reasonable" investigation.

Because Plaintiff has sufficiently alleged an inaccuracy on his credit report, and therefor established a duty for the CRAs to investigate, Plaintiff has also pled a sufficient claim that the CRAs failed to perform a reasonable investigation. The plain language of the FCRA statute requires a reasonable investigation "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed." 15 U.S.C. § 1681i(a)(1)(A) (emphasis added). Texas courts have clarified that "there is a sharp distinction between a credit *file* and a credit *report*." *Clements v. Trans Union, LLC*, 2018 U.S. Dist. LEXIS 160931 (S.D. Tex. 2018). A credit file contains "all the information on that consumer recorded and retained by a consumer reporting agency regardless of how that information is stored". 15 U.S.C. § 1681a(g). As stated above, Plaintiff's account, although not reported on his credit report, was clearly relayed to the CRAs by means of Plaintiff's bankruptcy records, Plaintiff himself, and possibly even Nationstar, and therefore *was* contained in Plaintiff's consumer file.

The account was further confirmed by information provided in Plaintiff's dispute,

---

[16] *See Geoffrion*, 182 F. Supp. at 664.

including information regarding Plaintiff's modified mortgage with Nationstar. Section 1681i applies insomuch as the account itself was maintained in the CRA Defendants' consumer files on Plaintiff obligating them to reasonably reinvestigate the account when Plaintiff disputed it. Accordingly, the CRA Defendants' failure to reasonably reinvestigate Plaintiff's dispute pertaining to the Nationstar mortgage account—for, had they reasonably investigated they would clearly have placed the information in their files within the credit reports—results in viable claims against CRA Defendants regardless of the accuracy of the credit report.

Plaintiff has sufficiently alleged he suffers from inaccurate credit reports. As stated above, a credit report is "inaccurate" within the meaning of the FCRA if "it is patently incorrect," or "is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Sepulvado*, 158 F.3d at 895 (citing *Pinner*, 805 F.2d at 1262). As Plaintiff has established, the reports were misleading in such a way that it negatively affected him in attaining new credit. Thus, Plaintiff has successfully pled enough facts to support a claim under § 1681i(a)(1)(A) against CRA Defendants, particularly under the minimum threshold required to overcome a 12(c) motion to dismiss

### i. *The reasonableness of the CRA's investigation is a question properly left for the trier of fact.*

If a consumer conveys to a CRA a dispute over the completeness or accuracy of any item of information in the consumer's file, the CRA must delete the disputed information or conduct a reinvestigation. 15 U.S.C. § 1681i(a). The FCRA also provides a right of reinvestigation where the consumer disputes the "completeness or accuracy" of any item in a file. *Id*. Importantly, if the consumer provides written documents to the CRA that verify the incompleteness of a report, and the CRA refuses to enter that information, an FTC staff opinion letter suggests this denial would put the CRA in willful violation of the FCRA's reinvestigation requirement. *See Cook, FTC*

*Informal Staff Opinion Letter* (Apr. 22, 1977) (written documents confirming that debts discharged in bankruptcy were subsequently reaffirmed and paid). Plaintiff's complaint alleges that Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681i(a) because, among other reasons, they failed to review all relevant information—thus rendering their investigations unreasonable.[17]

Furthermore, the responses Plaintiff received from the CRAs suggest that the CRAs failed to perform beyond the most perfunctory "investigation" at all. *See Bryant v. TRW, Inc.*, 689 F.2d 72, 78-79 (6th Cir. 1982) (brief contact with furnisher of credit that incorrectly confirmed inaccurate reporting was not a reasonable investigation); *Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F.Supp.2d 1330, 1334-1335 (S.D. Fla. 2011) (cursory investigation resulting in "vague and unclear" responses to consumer's disputes was sufficient to state an FCRA claim). An "investigation" is defined in the dictionary as a "detailed inquiry or systematic examination." *See* "Investigation," WEBSTER'S THIRD NEW INT'L DICTIONARY, 1189 (1981) (defining "investigation" as "a searching inquiry"). The plain meaning of "investigation" clearly requires *some degree of careful inquiry. Wright v. Experian Info. Solutions, Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015) ("reasonable reinvestigation requires more than 'making only a cursory investigation'") (emphasis added).

Once the CRAs received Plaintiff's disputes, they were each required to engage in a targeted and thorough investigation, and clearly no procedures for such an investigation were followed here. *See Cushman v. TransUnion Corp.*, 115 F.3d 220, 225 (3rd Cir. 1997) quoting *Henson v. CSC Credit Services*, 29 F.3d 280, 287 (7th Cir.) (agencies are required, in certain circumstances, to confirm the veracity of their source's information). Furthermore, courts have held credit reporting agencies must look beyond information furnished to them when it is

---

[17] *See* ECF Doc. 1 at ¶¶ 28, 33, 38.

inconsistent with the credit reporting agency's own records, contains a facial inaccuracy, or comes from an unreliable source. *See Cortez v. Trans Union, LLC*, 617 F.3d 688, 708-11 (3d Cir. 2010). If a complete review was performed, each CRA would have inevitably concluded the Nationstar account existed, was reflected in Plaintiff's consumer file, and that the report should be modified such that it would be *complete* instead of *misleading* and *incomplete*.

Ultimately, Equifax, Experian, and Trans Union's investigations/reinvestigations were required to be "reasonable." 15 U.S.C. § 1681i(a), *amended by* Pub. L. No. 108-159, § 317 (2003); 16 C.F.R. § 602.1(c)(3)(xviii). It is therefore sensible to assume that the investigations lacked any modicum of *careful inquiry* because: (1) the CRAs failed to review the information provided, (2) failed to look beyond the information provided, (3) failed to contact the furnisher (Nationstar), and (4) provided cursory responses. Given this cascade of failures of investigation, policy, and procedure[18], at the very least a reasonable trier of fact could find each of their "investigations" unreasonable. *See Seamans v. Temple Univ.*, 744 F.3d 853, 864-865 (3d Cir. 2014); *Robinson v. EMC Mortg. Corp.*, 2013 WL 1245863, at *8 (N.D. Tex. Mar. 26, 2013).

Given that, and further in-depth factual arguments aside, Plaintiff emphasizes that the question of reasonableness of a CRA's investigation is properly left to the jury. *See Seamans*, 744 F.3d at 864-865; *Robinson*, 2013 WL 1245863, at *8. Because Plaintiff has sufficiently pled that there was an inaccuracy on his credit reports pertaining to the Nationstar mortgage account and has sufficiently pled facts that could lead reasonable minds to conclude each CRA's reinvestigation was unreasonable, the Court should deny Defendant's motion to dismiss regarding Plaintiff's § 1681i claims and permit these arguments to be heard where most appropriate—with a trier of fact.

---

[18] *See* ECF Doc. 1 at ¶ 35. (Trans Union's Response Attached to Complaint as Exhibit G).

**II.    Plaintiff has Pled Sufficient Allegations that he was Extensively Injured by Defendants' Willful Acts and Omissions, and therefore, Defendants Motion Should Be Denied**

Defendants argue that Plaintiff has not pled elements of a willfulness claim as set out by the Court in *Safeco Ins. Co. of Am. v. Burr.* 551 U.S. 47 (2007). *Safeco* showed that a "willful" violation under the FCRA includes a knowing or intentional violation of a standard *or* reckless disregard of the law. *Id.* at 60. A mere violation of the law is insufficient. *Sapia v. Regency Motors*, 276 F.3d 747 (5th Cir. 2002). However, a company subject to the FCRA acts in reckless disregard if its action is not only (1) a violation under a reasonable reading of the statute's terms, but also (2) shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless. *See Safeco Ins. Co.*, 551 U.S. at 60-62.

### a.   Plaintiff has pled the elements of a willful violation of § 1681e(b).

The CRA Defendants' main arguments are that Plaintiff has no cause of action pursuant to the FCRA 15 U.S.C. § 1681e(b) regarding information not appearing on his consumer report. This argument misses the mark as it pertains to the Nationstar mortgage account as discussed above. (*Supra*, Sections A). Furthermore, the plain language of the statute suggests otherwise. The statute states, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure the *maximum possible accuracy* of information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b) (emphasis added). The CRA Defendants' actions of deleting/removing/omitting the entire Nationstar mortgage account did not assure the maximum possible accuracy of information relating to Plaintiff, it instead mischaracterizes it. Defendants' actions resulted in a failure to convey the positive credit history Plaintiff established with Nationstar before or after the mortgage was modified, a credit history which must necessarily be reported considering Plaintiff providing information for which the Defendants could verify his account was active and current. *See Wharram*, 2004 WL 1052970.

18

("Maximum accuracy, under the FCRA statute, applies equally to favorable information as it does to unfavorable information. The Congressional intent underlying 15 U.S.C. § 1681e(b) is clear, which is to 'require consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner *which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy,* and proper utilization of such information .... 15 U.S.C. § 1681(b) (emphasis added).'").

By not reporting the entire Nationstar mortgage account tradeline, even after being provided detailed information to assist them in an investigation, the CRA Defendants willfully did not assure maximum possible accuracy of information relating to Plaintiff because they willfully failed to convey the positive credit history he established with his primary mortgage account. By not considering the information being provided to them and failing to provide any details in their responses to indicate *how* they came to their outcomes, Defendants willfully chose to verify, or willfully chose to not investigate, incorrect information on Plaintiff's credit report.

### b. Plaintiff has pled the elements of a willful violation of § 1681i.

Plaintiff pled facts that, taken as true and with inferences made in the best light for Plaintiff, meet the requirements for a willfulness claim regarding the CRA Defendants' violation of § 1681i. This section of the FCRA creates a duty for CRAs to reinvestigate information that is disputed by a consumer. 15 U.S.C. § 1681i. Not only should Defendants understand their duty to reinvestigate a consumer's credit file when prompted by a dispute as the primary entities being regulated under the FCRA, given that Plaintiff flagged his dispute as being under the FCRA, an inference can readily be drawn that the CRA Defendants were aware of its duties. Plaintiff further alleges that the CRA Defendants' responses were merely statements that the item was not in his consumer files; these responses did not evidence any process or procedure followed to ensure maximum

accuracy, and utterly failed to reflect a true reinvestigation of Plaintiff's disputed Nationstar mortgage account information.

These allegations contained in Plaintiff's complaint satisfy the requirement for the first element of a willfulness claim: that a violation is made under a reasonable reading of the statute's terms. *See Safeco Ins. Co.*, 551 U.S. at 60-62. Despite reasonableness generally being a question for a trier of fact, allegations that the CRA Defendants violated § 1681i—which requires a true reinvestigation—by *performing perfunctory, inadequate reinvestigations,*[19] if at all, would alone be a violation under any reading of the statute's terms.

As to the second element—that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless[20]—Plaintiff has again met his minimal burden in pleading the necessary facts. By alleging facts that support that the CRA Defendants did not reasonably reinvestigate Plaintiff's disputed information despite being provided information to verify Plaintiff's Nationstar Mortgage account should have been reporting and aware of the duty under the FCRA conduct a reasonable reinvestigation, it is readily inferred that the CRA Defendants' conduct led a far greater risk of violating the FCRA rather than being merely careless.

Each CRA Defendant clearly violated § 1681i. As discussed above (*Supra*, Section A.b.i.), the CRAs are alleged to have performed unreasonable investigations for many reasons. Simply put, the CRAs total failure to review or look past the documentation provided, contact the furnisher, or even provide anything but the most cursory responses are clear evidence that the CRAs willfully disregarded Plaintiff's rights and their duties under § 1681i. These types of conduct

---

[19] As evidenced and described supra in Section A.b.i.
[20] *See Safeco Ins. Co.*, 551 U.S. at 60-62.

does not result from carelessness—it required willful decision-making. Thus, these actions meet the requirements for the elements of a willfulness claim. *See Safeco Ins. Co.*, 551 U.S. at 60-62.

Accordingly, because Plaintiff has sufficiently pled the facts necessary to bring a willfulness claim under § 1681i, the CRA Defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) should be denied.

## I.      PRAYER

For these reasons, Plaintiff Larry Hyche respectfully requests that this Court deny Defendants' Joint Motion for Judgment on the Pleadings, or in the alternative to Stay the Proceeding, because Plaintiff has sufficiently pleaded his claims, and grant such other and further relief, in law or equity, to which Plaintiff Hyche might show he is justly entitled.

Respectfully submitted,

DATED: <u>June 8, 2020</u>                     <u>*/s/ Matthew P. Forsberg*</u>
                                                                  Matthew P. Forsberg
                                                                  State Bar Number 24082581
                                                                  Matt@FieldsLaw.com
                                                                  FIELDS LAW FIRM
                                                                  9999 Wayzata Blvd.
                                                                  Minnetonka, Minnesota 55305
                                                                  (612) 383-1868 (telephone)
                                                                  (612) 370-4256 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of June 2020, I caused the foregoing to be electronically filed with the clerk of court for the U.S. District Court for the Northern District of Texas, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, a true and correct copy of the foregoing instrument and all attachments.

*/s/ Matthew P. Forsberg*
Matthew P. Forsberg
