THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LARRY HYCHE,<br><br>       Plaintiff,<br><br>       v.<br><br>EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTION, LLC; TRANS UNION, LLC; AND NATIONSTAR MORTGAGE, LLC,<br><br>       Defendants. | Case No. 3:19-CV-02450<br><br>Hon. Sam R. Cummings |

**DEFENDANTS EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES LLC, AND TRANS UNION LLC'S REPLY IN
SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE
ALTERNATIVE, TO STAY THE PROCEEDINGS**

Earlier this year, Plaintiff's law firm filed a string of cases against the national credit reporting agencies ("CRAs") and Nationstar alleging that the CRAs' failure to include a Nationstar mortgage account in credit reports amounted to a violation of §§ 1681e(b) and 1681i of the FCRA. Because courts and the FTC have repeatedly instructed that CRAs' duties apply only to information actually reported, and not to accounts not reported, the CRAs moved to dismiss these cases. The orders have started rolling in, and they are unanimous—Plaintiff's theory fails. Judge Schiltz in the District of Minnesota first rejected the theory in *Desautel v. Experian Information Solution, LLC, et al.*, No. 19-CV-2836 (PJS/LIB), 2020 WL 2215736 (D. Minn. May 7, 2020). Then, Judge Brasel, also in Minnesota, rejected the theory in *Krosch v. Equifax Information Services, LLC, et al.*, No. 19-cv-2784 (NEB/KMM), 2020 WL 3036600 (D. Minn. June 5, 2020). Most recently, Judge Lynn in this District squarely rejected the theory in *Coyle v. Experian Information Solutions Inc., et al.*, No. 3:19-CV-02645-M, 2020 WL 3052228 (N.D. Tex. June 7,

2020). Similarly, Your Honor rejected the same theory, albeit in a slightly different context and brought by different lawyers, last year in *Hammer v. Equifax Information Services. LLC, et al.*, No. 3:18-CV-1502-C, 2019 WL 7602463 (N.D. Tex. Jan. 16, 2019). Despite this, Plaintiff's counsel apparently remains undeterred, and continues to press these cases, forcing Defendants to incur fees on facially implausible claims. Like the identical cases already disposed of, this case, too, should be dismissed.

      **A.     Plaintiff Fails to Plausibly Allege a Violation of 1681e(b).**

           **1.     There is no affirmative duty under the FCRA to report certain tradelines.**

To plead a claim under § 1681e(b), Plaintiff must plausibly allege that Defendants failed to maintain reasonable procedures to maximize accuracy when they created a consumer report about him sent to a third party. Here, Plaintiff alleges only that Defendants' consumer reports did not include every possible tradeline about him, including, in particular, a tradeline with Nationstar Bank. But because there is no affirmative duty to include every tradeline for every consumer, merely alleging that a tradeline that exists does not appear on a consumer report does not amount to a plausible allegation that Defendants failed to maintain reasonable procedures.

Indeed, the Federal Trade Commission has flat out and unambiguously stated: "[c]onsumer reporting agencies are not required to include all existing or derogatory or favorable information about a consumer in their reports." Statements of General Policy or Interpretations Under the Fair Credit Reporting Act, 16 C.F.R., Subchapter F, Pt. 600, Appendix, pp. 492–519 (internal quotations omitted); *see also* Fed'l Trade Comm'n, 40 Years of Experience with the Fair Credit Reporting Act, at 67 (same). The case law is universally in accord as well. *See, e.g. Childress v. Experian Info. Sols., Inc.*, No. 1:12-cv-1529, 2014 WL 3740368, at *7 (S.D. Ind. July 30, 2014), and *Childress v. Experian Info. Sols., Inc.*, 790 F.3d 745, 747 (7th Cir. 2015) (explaining that it

would be unreasonable to require a consumer reporting agency to report certain additional information that would have made the credit report "fully precise" and citing the FTC for the notion that "consumer reporting agencies are not required to include all existing or derogatory or favorable information about a consumer in their reports"); *Davis v. Equifax Info. Servs. LLC*, 346 F. Supp. 2d 1164, 1171 (N.D. Ala. 2004) ("The FCRA does not specifically require a reporting agency to affirmatively add credit data to a report."); *Hammer v. Equifax Info. Servs. LLC, et al.*, No. 3:18-CV-1502-C, 2019 WL 7602463 (N.D. Tex. Jan. 16, 2019) (granting motion to dismiss where allegation was only that a particular account was not reported by the CRAs); *Aclys Int'l, LLC v. Equifax, Inc.*, No. 2:08-CV-00954, 2010 WL 1816248, at *3 (D. Utah May 5, 2010) ("[The] FCRA does not require credit reporting agencies to include all relevant information about an individual, only that the information present on a credit report be accurate."), *aff'd sub nom. Aclys Int'l v. Equifax*, 438 F. App'x 689 (10th Cir. 2011); *Swanson v. Central Bank & Trust Co.*, No. CIV.A. 5:03-255-JMH, 2005 WL 1719363 (E.D. Ky. July 14, 2005) (holding that because "the FCRA requires only that the information contained in a credit report be accurate," plaintiffs' claims "that their credit reports were incomplete and misleading because certain information was deleted" could not prevail); *Coyle v. Experian Info. Sols., Inc.*, No. 3:19-CV-02645-M, 2020 WL 3052228, at *2 (N.D. Tex. June 7, 2020) ("This Court agrees with those courts that have held that an omission of a particular obligation from a credit report is not an FCRA violation."). Because Plaintiff alleges only a failure to report the Nationstar tradeline at all, he has not plausibly alleged a claim that Defendants violated § 1681e(b) of the FCRA.

    **2.  Plaintiff Fails to Allege an Inaccuracy.**

  In addition to failing to allege any unreasonable procedure, Plaintiff also fails to allege that Defendants "reported inaccurate credit information about him" to a third party. This, too, dooms

his claim. *See Norman v. Experian Info. Sols., Inc.*, No. 3:12-CV-128-B, 2013 WL 1774625, at *4 (N.D. Tex. Apr. 25, 2013) (citing *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000) ("In order to pursue a cause of action based upon a willful or negligent violation of 15 U.S.C. § 1681e(b), the report sought to be attacked must be inaccurate."); *see also McDonald v. Equifax Inc.*, No. 3:15-CV-3212-B, 2017 WL 879224, at *6 (N.D. Tex. Mar. 6, 2017); *Saunders v. Equifax Info. Servs*. LLC, No. 16-CV-00525-LY, 2017 WL 3940942, at *4 (W.D. Tex. Aug. 3, 2017). Because claims under 15 U.S.C. § 1681e(b) must be premised on inaccurate information actually "reported" by a CRA, Plaintiff cannot state a claim under § 1681e(b) for a tradeline that is *not* reported by the CRA. *See, e.g., Hammer v. Equifax Info. Servs. LLC*, No. 3:18-CV-1502-C, 2019 WL 7602463, at *2 (N.D. Tex. Jan. 16, 2019); *see Coyle v. Experian Info. Sols., Inc.*, No. 3:19-CV-02645-M, 2020 WL 3052228, *at 2 (N.D. Tex. June 7, 2020)

Plaintiff's Opposition concedes this requirement, but argues that the failure to report the Nationstar account was a materially misleading omission. (Opp. at 9-12.) To get there, Plaintiff mischaracterizes case law that stands for the unremarkable and irrelevant premise that it could be considered materially misleading for a CRA to fail to report certain information about a particular tradeline *if that tradeline is being reported in the first place*. In other words, the case law Plaintiff cites stands for the premise that *if* a CRA reports a tradeline, *then* the reporting of that tradeline should be complete and not misleading. *See, e.g. Koropoulos v. Credit Bureau, Inc.*, 734 F.2d 37, 38 (D.C. Cir. 1984) (reporting that a debt was referred to collections but failing to report that the same debt had been later paid could be misleading); *Doe v. Sterling Infosystems, Inc.*, 2015 U.S. Dist. LEXIS 188913, at *17 (C.D. Cal. Dec. 21, 2015) (holding that a CRA's report that plaintiff was convicted of a felony, when he had only been found guilty of a misdemeanor, runs afoul of the accuracy requirement in 1681e(b)). But the case law does not, as Plaintiff misleadingly

suggests, stand for the premise that not reporting a tradeline at all (as is the case here) can create an inaccuracy.

Other cases cited by Plaintiff cannot save his Complaint either, as they involve actual allegations about errors in procedures.  For example, in *Shaunfield v. Experian Information Solutions, Inc.*, 991 F. Supp. 2d 786, 798 (N.D. Tex. 2014), the Court was confronted with a situation where, due to an alleged internal error, the CRAs were creating two different reports for the plaintiff, one filled with inaccurate data and one that included virtually no data.  This procedural error was enough for the court to find that the plaintiff had sufficiently alleged a claim against the CRAs, and the Court found the allegation that there were two different reports created "in itself" sufficient to allege a claim of inaccuracy.  *Id.*  Similarly, in *Wharram v. Credit Services Inc.*, 2004 WL 1052970 (D. Minn. March 12, 2004), the court found a possible fact dispute related to a CRA's decision to simply wholesale delete an account upon receipt of a dispute.  That, too, is hardly analogous.[1]

Here, the Complaint does not allege that Defendants reported some, but not all, of the relevant information related to the Nationstar tradeline.  Instead, Plaintiff alleges only that the tradeline was not reported whatsoever.  That is not, as a matter of law, an allegation of an

---

[1] While not relevant here, it is worth noting that *Wharram* is an outlier decision that would almost certainly be decided differently today.  That case involved a situation where the consumer had entered into a contract with the furnisher allegedly requiring the furnisher to report a debt to the CRA's in a certain way, and there was a dispute as to whether consideration had been provided by the consumer to the furnisher.  *Id.* at *1.  Since that decision fifteen years ago, a body of case law has developed, starting with the First Circuit in 2008, making it clear that CRA's cannot be liable for failing to resolve underlying legal disputes between consumers and furnishers like that at issue in *Wharram*.  *See DeAndrade v. Trans Union LLC,* 523 F.3d 61, 68 (1st Cir. 2008) (whether consumer was responsible for mortgage was "not a factual inaccuracy that could have been uncovered by a reasonable reinvestigation, but rather a legal issue that a credit agency [] is neither qualified nor obligated to resolve under the FCRA"); *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 892 (9th Cir. 2010) ("Because CRAs are ill equipped to adjudicate contract disputes, courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims"); *Wright v. Experian Info. Solutions, Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015) (same); *Humphrey v. Trans Union LLC*, 759 F. App'x 484, 488 (7th Cir. 2019) (same); *Hunt v. JPMorgan Chase Bank, Nat'l Ass'n*, 770 F. App'x 452, 458 (11th Cir. 2019) (same).

inaccuracy in the tradeline data reported. *See Desautel v. Experian Info. Sols., LLC, et al.*, No. 19-CV-2836 (PJS/LIB), 2020 WL 2215736, at *3 (D. Minn. May 7, 2020) ("As a general matter, a CRA has no obligation to include a tradeline on a credit report. Put differently, a credit report is not 'inaccurate' or 'materially misleading' simply because it does not mention a particular tradeline."); *Krosch v. Equifax Info. Servs., LLC, et al.*, No. 19-cv-2784 (NEB/KMM), 2020 WL 3036600, at *4 (D. Minn. June 5, 2020) (same). This case presents the same question as was presented in *Hammer, Coyle, Desautel*, and *Krosch*, and it should be dismissed for the same reason.

### B. Defendants are required to reinvestigate only information contained in Plaintiff's file.

Section § 1681i expressly governs disputes of "the completeness or accuracy of any item of information *contained in a consumer's file*." 15 U.S.C. § 1681i(a)(1)(A) (emphasis added). Here, although Plaintiff concedes that the Nationstar account was an "item of information" that was not contained in his credit report, Plaintiff makes the conclusory and erroneous statement that the Nationstar account was "contained in Plaintiff's consumer *file*" at the time of the dispute. (Opp. at 14) (emphasis added). Plaintiff's reference to his consumer *file* rather than his consumer *report* is a distinction without a difference, as the Nationstar account was not in Plaintiff's file or report at the time of the dispute. Because the account at issue here was *not contained* in Plaintiff's file, Plaintiff has not pleaded a claim under § 1681i. *See Desautel v. Experian Info. Sols., LLC, et al.*, No. 19-CV-2836 (PJS/LIB), 2020 WL 2215736, at *5 ("Section 1681i(a)(1)(A) requires a CRA to conduct a reasonable reinvestigation only when a consumer disputes 'the completeness or accuracy of any item of information *contained in a consumer's file* at a consumer reporting agency.' A CRA has no duty to reinvestigate the completeness or accuracy of information that is *not* contained in its file.") (emphasis in original); *Krosch v. Equifax Info. Servs., LLC, et al.*, No. 19-cv-2784 (NEB/KMM), 2020 WL 3036600, at *5 (D. Minn. June 5, 2020) (same) .

In addition, because there is no plausibly alleged inaccuracy in the reporting itself in any event, as described above, the reinvestigation claim fails for that reason as well. *See Norman*, 2013 WL 1774625, at *4 (N.D. Tex. Apr. 25, 2013); *McDonald*, 2017 WL 879224, at *6 (N.D. Tex. Mar. 6, 2017).

Thus, Plaintiff's contention that the "reasonableness of a CRA's investigation is properly left to the jury" is irrelevant. (Opp. at 17.) As explained, because the Nationstar account was not contained in Plaintiff's consumer file, and because there is no plausibly alleged inaccuracy in the reporting itself, the reinvestigation provision of the FCRA is not triggered and Plaintiff's claim fails as a matter of law. *See Hammer*, No. 3:18-CV-1502-C, 2019 WL 7602463 at *2 (dismissing Plaintiff's Section 1681(i) claim because Plaintiff did not adequately allege that his consumer report included inaccurate information).

### C. Plaintiff's Claim that Defendants Willfully violated the FCRA Must Be Dismissed.

It is a fanciful notion that a CRA's failure to report all accounts that exist regarding a particular consumer could amount to a willful violation of the FCRA. That is especially true where Defendants' regulator has told them, repeatedly, that they have no such obligations. Plaintiff comes nowhere near alleging a willful violation of the FCRA, and his claims in that regard must be dismissed. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70, n. 20 (2007) ("[w]here . . . the statutory text and relevant court and agency guidance allow for more than one reasonable interpretation, it would defy history and current thinking to treat a defendant who merely adopts one such interpretation as a knowing or reckless violator. Congress could not have intended such a result for those who followed an interpretation that could reasonably have found support in the courts, whatever their subjective intent may have been." ).

### D. CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings should be granted, and Plaintiff's Complaint should be dismissed in its entirety with prejudice as to Defendants. In the alternative, the case should at the very least be stayed.

Respectfully submitted June 22, 2020.

*/s/ Molly J. Russell*
Molly J. Russell
Texas Bar No. 24118518
mrussell@jonesday.com
Jones Day
2727 N. Harwood St.
Dallas, TX 75201
Telephone: (214) 969-5016
Facsimile: (214) 969-5100

*Counsel for Defendant Experian Information Solutions, Inc.*

*/s/ Anna K. Olin*
Anna K. Olin
State Bar No. 24102947
CLARK HILL STRASBURGER
901 Main Street, Suite 6000
Dallas, Texas 75202
Tel: (214) 651-4300 Telephone
Fax: (214) 651-4330
anna.olin@clarkhillstrasburger.com

*Attorney for Equifax Information Services LLC*

*/s/ Sarah Sublett*
Sarah Sublett
Texas State Bar No. 24062788
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
6900 Dallas Parkway, Ste. 800
Plano, TX 75024
Telephone: (214) 560-5450
Facsimile: (214) 871-2111
ssublett@qslwm.com

*Attorney for Trans Union LLC*

## CERTIFICATE OF SIGNATURE REQUIREMENTS

I hereby certify that counsel for Equifax Information Services, LLC and Trans Union, LLC have consented for their signatures to be included on this filing.

*/s/ Molly J. Russell*
Molly J. Russell

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2020, I caused the foregoing to be electronically filed with the clerk of court for the U.S. District Court for the Northern District of Texas, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, a true and correct copy of the foregoing instrument and all attachments.

*/s/ Molly J. Russell*
Molly J. Russell